# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| JAMES L. BOLDEN, JR. | * | CIVIL ACTION NO.  13-1612<br>Section P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| LARRY COX, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 30] filed by defendants Sergeant O'Neal, Captain Brooks, Deputy Williams, and Lieutenant McCloud.  For reasons stated below, it is recommended that the motion [doc. # 30] be GRANTED.

## Procedural History

On June 11, 2013, James L. Bolden, Jr., an inmate formerly in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), who, during the relevant period, was housed at the Madison Parish Detention Center ("MPDC"),[1] filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against various MPDC officers, including, Sergeant O'Neal, Captain Brooks, Deputy Williams, and Lieutenant McCloud (incorrectly named in the complaint as "Sgt. McCloud," a/k/a "Twin").[2]  Bolden twice amended his complaint, on August 27 and

---

[1]  After the events at issue, Bolden was transferred to other corrections facilities.  He has since been released from custody.  See e.g., Notice of Change of Address [doc. # 25].

[2]  Plaintiff originally named additional defendants, Sheriff Larry Cox, Major Johnson, and the MPDC.  However, he omitted them from his amended complaint, thus effectively dismissing them from the case.  See Sept. 5, 2013, Mem. Order [doc. # 14].

September 19, 2013.  [doc. # s 13 & 17].  He alleges that on June 29, 2012, defendants attacked and beat him, without cause.  He seeks compensatory damages totaling $500,000 for his pain and suffering and for anticipated future medical damages.

On September 5, 2013, the court completed initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, and ordered service on Williams, Brooks, O'Neal, and McCloud *sub nom.*, "Lt. Twin," via U.S. Marshal.  (Sept. 5, 2013, Mem. Order [doc. # 14]).  On March 31, 2014, all four defendants answered the complaint.  (Answer [doc. # 22]).

On September 22, 2014, defendants obtained leave of court to file the instant, out-of-time motion for summary judgment on the issue of exhaustion of administrative remedies.  After delays for briefing, the matter is now before the court.[3]

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a material fact is

---

[3]  The court notes that plaintiff did not file an opposition to the motion for summary judgment, and thus, the motion is unopposed.  *See* Notice of Motion Setting [doc. # 31]. However, a non-movant's failure to oppose summary judgment does not mean that the court is compelled to grant the motion out of hand.  *Monroe v. Melder*, 247 F.3d 241 (5th Cir. 2001) (unpubl.) (citation omitted).  Rather, the movant still must discharge its burden of showing that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law. *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534 (5th Cir. 1992) (unpubl.); *Alsobrook v. GMAC Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013) (unpubl.).  If the movant does not meet its burden, then the court must deny the motion.  *See John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985).

"genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.  "The court *need* consider only the cited materials, but it *may* consider other materials in the record."  Fed.R.Civ.P. 56(c)(3) (emphasis added).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential

3

element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[4] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

a)      Law

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process.  *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted).  All "available" remedies must be exhausted, whether speedy and effective, or not.  *Porter v. Nussle*,  534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. 2009) (citing *Woodford, supra*).  An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement.  *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

---

[4]  I.e., beyond doubt.

4

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted).  An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted).  In addition, exhaustion applies to claims brought against defendants in their official and/or individual capacities.  *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. 2003).

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance.  *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. 2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954 (5th Cir. 2009) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citations omitted).  When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make remedies unavailable.  *Id.*  "If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267-268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.2008)).  Stated another way, the grievance filing period is tolled only so long as the inmate is actually impeded from invoking and exhausting the process.

A prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. Appx. 497, 499

5

(5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. Action No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014).  Moreover, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps.  *Ates, supra* (and cases cited therein).  In short, the courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, n. 6 (2001).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies.  *Dillon*, 596 F.3d at 266.  If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56.  *Id*.

b)   The MPDC had an Available Administrative Remedy Procedure

The uncontroverted evidence establishes that the MPDC had a three step Administrative Remedy Procedure ("ARP") in effect during the relevant period.  (Affidavit of Antonio Johnson and MPDC Administrative Remedy Procedure "ARP;" Defs. MSJ, Exhs. A & B).  The first step requires an offender to complete a grievance form, or write a letter so identified, and place it in the collection box for delivery to the warden within 30 days of the alleged incident.  If an offender is dissatisfied with the Step One response, he may request a review by the warden by signing the bottom of the response to his grievance, and depositing it in the collection box within five days from receipt of the offender's Step One response.  Finally, an offender who is not content with the results of the Step Two review may initiate a Step Three appeal to the sheriff by signing the bottom of the Warden's Review Decision, and depositing it in the collection box

within five days from receipt of the offender's Step Two response.  If, at any step, an offender does not receive a response within the applicable time frame, then he may proceed to the next step in the Administrative Remedy Procedure.

c)      Bolden Failed to Exhaust All Available Administrative Remedies

In support of their motion for summary judgment, defendants adduced evidence that "at no time during his period of incarceration did Plaintiff James Bolden ever file a grievance form to initiate Administrative Remedy Procedures reference [sic] the altercation with staff on June 29, 2012 which forms the basis for this civil action."  (Affidavit of Antonio Johnson; Defs. MSJ Exh. A).  As plaintiff did not file a response to defendants' motion, he necessarily did not produce any evidence to controvert defendants' showing.  Although in his complaint, as twice amended, plaintiff stated that he filed a grievance with the facility and then with the LDOC, his representations are neither sworn, nor made under penalty of perjury.[5]  It is manifest that unsworn statements do not suffice to create disputed issues of material fact which justify a trial.  *Oglesby v. Terminal Transp. Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976); *see also Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (inmate's unsubstantiated assertion that he filed an administrative appeal is insufficient to sustain his evidentiary burden under Rule 56) (citation omitted).  Moreover, "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.

_____

[5]  Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct."  *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

1994) (citations and internal quotation marks omitted).[5]

d)      Remedy for Failure to Exhaust

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure.[6]  Dismissal is the remedy, and it is typically without prejudice.  *See e.g., Plaisance v. Cain, supra*; *Cooper v. Quarterman*, 342 Fed. Appx. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice).[7]

**Conclusion**

Under these circumstances, the court is compelled to find that there is no genuine dispute as to any material fact and that movants are entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies.  Fed.R.Civ.P. 56(a) & (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (unpubl.).

For the above-stated reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 30] filed by

---

[5]  Furthermore, even if the court *were* to credit plaintiff's allegations, the same result would obtain because, according to plaintiff, he sent a second grievance to the LDOC rather than appealing the initial denial to the warden and then to the sheriff.

[6]  *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

[7]   Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules.  *Woodford, supra*.  At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative remedies.

defendants, Sergeant O'Neal, Captain Brooks, Deputy Williams, and Lieutenant McCloud, be GRANTED, and that plaintiff's claims against said defendants be DISMISSED, without prejudice.  Fed. R. Civ. P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 21st  day of October 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

9